# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROYAL FLAGG,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 21-1281-JAR-GEB |
| ) | |
| **DEPARTMENT OF CHILDREN AND** ) | |
| **FAMILY SERVICES, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

Plaintiff Royal Flagg files this case, alleging the Kansas Department of Children and Family Services, the Great Bend Police Department, and Saint Francis Ministries and its representatives denied his right to due process under 42 U.S.C. § 1983 when they took his relative's minor children into state custody in his presence. He contends he was suspended from his employment because of the situation. This matter is currently before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs and supporting Affidavits of Financial Status (ECF No. 3, *sealed*). For the reasons outlined below, Plaintiff's Motion **(ECF No. 3)** is **GRANTED**.

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).

otherwise.'"[2] To determine whether a party is eligible to file without prepayment of the fee, the Court commonly reviews the party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3]

Both the Tenth Circuit Court of Appeals and this Court have a liberal policy toward permitting proceedings *in forma pauperis*.[4] After careful review of Plaintiff's description of his financial resources (ECF No. 3, *sealed*), consideration of his current unemployment, and comparison of Plaintiff's listed monthly income to listed monthly expenses, the Court finds he is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (**ECF No. 3**) is **GRANTED.**

**IT IS FURTHER ORDERED** that service of process shall be undertaken by the clerk of court under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 1st day of December 2021.

> s/ Gwynne E. Birzer
> GWYNNE E. BIRZER
> United States Magistrate Judge

---

[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).
[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).
[4] *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013) (citing, generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).