**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ROYAL FLAGG,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 21-1281-JAR-GEB |
| | ) |
| **DEPARTMENT OF CHILDREN AND** | ) |
| **FAMILY SERVICES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER
### and
## NOTICE AND ORDER TO SHOW CAUSE

Plaintiff Royal Flagg initially filed this case on behalf of himself and three other named plaintiffs (his wife, Sarah Flagg; and two other relatives, Douglas Burdine and Amanda Haugen) as the only plaintiff who included the proper signatures on the pro se Complaint. Plaintiff alleges the Kansas Department of Children and Family Services, the Great Bend Police Department, and Saint Francis Ministries and its representatives denied his right to due process under 42 U.S.C. § 1983 when they took his relative's minor children into state custody in his presence. Mr. Flagg also was the only plaintiff who filed a motion to proceed without prepayment of the filing fee (Motion, ECF No. 3) which this court later granted and ordered service of process to commence through the clerk's office. (Order, ECF No. 4).

On December 13, 2021, the three other parties named in the Complaint submitted their signatures and were added to the case as proper plaintiffs. The undersigned U.S.

Magistrate Judge then corresponded with all parties, informing them that although only one filing fee needs to be paid per case, the law requires if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status.[1] (Letter, ECF No. 5.) A copy of the Court's form Motion to Proceed without Prepayment of Fees and the accompanying Financial Affidavit were provided to each plaintiff by U.S. Mail. (*Id.*) Said letter informed the plaintiffs they must file their individual completed Motions and Financial Affidavits by January 7, 2022, or they may be required to pay the filing fee in full or risk potential dismissal from this case. (*Id.*)

## I.     Plaintiffs Douglas Burdine and Amanda Haugen

This matter is currently before the Court on Plaintiffs Douglas Burdine and Amanda Haugen's separate Motions to Proceed without Prepayment of Fees and supporting Affidavits of Financial Status (ECF Nos. 11, 12, *sealed*).  Under 28 U.S.C. § 1915(a), the Court has the discretion[2] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[3]  To determine whether a party is eligible to file without prepayment of the fee, the Court commonly reviews the party's

---

[1] *Anderson v. California*, No. 10 CV 2216 MMA AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010).
[2] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).
[3] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[4]

Both the Tenth Circuit Court of Appeals and this Court have a liberal policy toward permitting proceedings *in forma pauperis*.[5] After careful review of Mr. Burdine and Ms. Haugen's description of their combined household financial resources as a married couple with minor children, consideration of Mr. Burdine's employment and Ms. Haugen's lack of employment, and comparison of their listed monthly income to listed monthly expenses, the Court finds they are financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiffs Douglas Burdine and Amanda Haugen's separate Motions to Proceed without Prepayment of Fees and supporting Affidavits of Financial Status (ECF Nos. 11, 12, *sealed*) are **GRANTED.**

## II.   Plaintiff Sarah Flagg

Plaintiff Sarah Flagg did not submit a Motion to Proceed without Prepayment of Fees or supporting Affidavit of Financial Status as requested by this Court. (Letter, ECF No. 5.) No correspondence or filings have been received by the Court from Ms. Flagg since her signature on the Complaint.

Therefore, the Court **orders <u>Plaintiff Sarah Flagg to show cause in writing</u>** to the undersigned United States Magistrate Judge, on or before **February 2, 2022**, why Ms.

---

[4] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).
[5] *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013) (citing, generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).

Flagg should not be required to immediately pay the required filing fee for this matter or risk dismissal from this case.

This Order and Notice to Show Cause shall be sent to Sarah Flagg by certified mail to 1919 Heizer St., Apt. C, Great Bend, KS 67530.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 18th day of January 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
