**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ROYAL FLAGG,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**DEPARTMENT OF CHILDREN AND** )<br>**FAMILY SERVICES, et al.,** )<br>)<br>**Defendants.** )<br>) | Case No. 21-1281-JAR-GEB |

## ORDER

Plaintiff Royal Flagg initially filed this case on behalf of himself and three other named plaintiffs (his wife, Sarah Flagg; and two other relatives, Douglas Burdine and Amanda Haugen) as the only plaintiff who included the proper signatures on the pro se Complaint. Plaintiff alleges the Kansas Department of Children and Family Services, the Great Bend Police Department, and Saint Francis Ministries and its representatives denied his right to due process under 42 U.S.C. § 1983 when they took his relative's minor children into state custody in his presence. Mr. Flagg also was the only plaintiff who initially filed a motion to proceed without prepayment of the filing fee (Motion, ECF No. 3) which this court later granted and ordered service of process to commence through the clerk's office. (Order, ECF No. 4).

On December 13, 2021, the three other parties named in the Complaint submitted their signatures and were added to the case as proper plaintiffs. The undersigned U.S. Magistrate Judge then corresponded with all parties, informing them that although only

one filing fee needs to be paid per case, the law requires if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status.[1] (Letter, ECF No. 5.) A copy of the Court's form Motion to Proceed without Prepayment of Fees and the accompanying Financial Affidavit were provided to each plaintiff by U.S. Mail. (*Id.*) Said letter informed the plaintiffs they must file their individual completed Motions and Financial Affidavits by January 7, 2022, or they may be required to pay the filing fee in full or risk potential dismissal from this case. (*Id.*)

Plaintiffs Douglas Burdine and Amanda Haugen submitted separate Motions to Proceed without Prepayment of Fees and supporting Affidavits of Financial Status (ECF Nos. 11, 12, *sealed*). After review of their financial statements, the undersigned granted their motions. (Order, ECF No. 21.)

However, plaintiff Sarah Flagg did not submit a motion as required. On January 18, 2022, the undersigned issued an Order to Show Cause, requiring Sarah Flagg to show cause in writing on or before February 2, 2022, why she should not be required to immediately pay the required filing fee or risk dismissal from the case. (Order, ECF No. 22.)

On February 1, 2022, Sarah Flagg submitted a Motion to Proceed without Prepayment of Fees and supporting Affidavit of Financial Status (ECF No. 30, *sealed*). Having submitted her motion within the Court's newly-established deadline, the Court finds good cause why Ms. Flagg should neither be required to immediately pay the required filing fee nor be recommended for dismissal.

---

[1] *Anderson v. California*, No. 10 CV 2216 MMA AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010).

Under 28 U.S.C. § 1915(a), the Court has the discretion[2] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[3] To determine whether a party is eligible to file without prepayment of the fee, the Court commonly reviews the party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[4]

Both the Tenth Circuit Court of Appeals and this Court have a liberal policy toward permitting proceedings *in forma pauperis*.[5] After careful review of Ms. Flagg's description of she and Mr. Flagg's combined household financial resources as a married couple with minor children, consideration of Mr. Flagg's unemployment and Ms. Flagg's minimal employment, and comparison of their listed monthly income to listed monthly expenses, the Court finds Ms. Flagg is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff Sarah Flagg's Motion to Proceed without Prepayment of Fees and supporting Affidavit of Financial Status (**ECF No. 30**, *sealed*) is **GRANTED.**

---

[2] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).

[3] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[4] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).

[5] *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013) (citing, generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).

As a result of earlier orders, this lawsuit has already been served on all Defendants and **no further action from the clerk is required at this time** with regard to service of process.

A **copy of this Order shall be mailed to all pro se Plaintiffs** at the addresses contained on the electronic docket.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 4th day of February, 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
